■ HELEN KOBET, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Wood, J.), entered October 4, 1989, which denied her motion for a new trial and (2) so much of a judgment of the same court, entered November 3, 1989, as, upon a jury verdict in favor of the defendants Consolidated Edison Company of New York, Inc. and Janet Murphy on the issue of liability, dismissed the complaint as against those defendants.

Ordered that the appeal from the order entered October 4, 1989, is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendants Consolidated Edison Company of New York, Inc. and Janet Murphy are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order

are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff Helen Kobet commenced this action to recover damages for personal injuries allegedly sustained when she fell to the ground after her foot struck a curb valve box. Consolidated Edison Company of New York, Inc. (hereinafter Con Ed) had installed the box in 1922 in the sidewalk in front of premises owned by the defendant Janet Murphy. Witnesses testified variously that the box was one to three inches above the surrounding grade. Kobet's accident was the first reported since the box was installed. Kobet claims that the court should have charged the jury that Con Ed owed a duty to maintain the sidewalk, surrounding the box. We disagree.

Generally, "an owner of land abutting on a public sidewalk does not, solely by reason of being an abutting owner, owe to the public a duty to keep the sidewalk in a safe condition" *(Conlon v Village of Pleasantville,* 146 AD2d 736, 737). A defendant will be liable, however, if he or she negligently constructed or repaired the sidewalk or actually created the defect that caused the accident or if the sidewalk was constructed in a special manner for the defendant's benefit *(see, Du Pont v Town of Horseheads,* 163 AD2d 643; *Brady v Maloney,* 161 AD2d 879, 880; *Friedman v Gearrity,* 33 AD2d 1044; *McCutcheon v National City Bank,* 265 App Div 828, *affd* 291 NY 509). Because there was no evidence here that the sidewalk was constructed in a special manner for Con Ed's use, or that Con Ed created the defect by installing the valve box negligently, the court properly declined to charge the jury that it owed a duty to maintain the sidewalk.

In addition, we find that the verdict in favor of Murphy was not contrary to the weight of the evidence *(see, Nicastro v Park,* 113 AD2d 129; *see also, Kriz v Schum,* 75 NY2d 25; *De Salvo v Stanley-Mark-Strand Corp.,* 281 NY 333; *Christoforou v Lown,* 120 AD2d 387; *Wozniak v 110 S. Main St. Land & Dev. Improvement Corp.,* 61 AD2d 848). Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.