■ ANA M. JIMENEZ, Respondent, v CITY OF NEW YORK,

Respondent, and APPLE BANK FOR SAVINGS, Appellant, et al., Defendant.

A private party occupying a building adjoining a municipal sidewalk may be held liable for defects in that sidewalk if that party actually caused the defects (see, e.g., Kobet v Consolidated Edison Co., 176 AD2d 785). Here, defendant Apple Bank had the burden of proving initially that it was entitled to summary judgment, and its failure to sustain that burden warrants denial of the motion, regardless of the sufficiency of the opposition papers (Alvarez v Prospect Hosp., 68 NY2d 320, 324). The appealing defendant's deposition witness was not conclusive as to whether appellant had effected repairs to the sidewalk prior to the date of the accident. However, the testimony of the president of co-defendant Zol Television and Appliance Company, Inc., which occupied the adjoining building, indicated that the appealing defendant had effected repairs to the sidewalk, possibly before the date of the accident. This uncertainty creates a material triable issue of fact precluding the dismissal of the action as against the appellant (see, e.g., Mangual v Red Ball Interior Demolition Corp., 166 AD2d 272). Concur—Rosenberger, J. P., Ross, Smith and Rubin, JJ.