■ GIOVANNI DAVI et al., Respondents, v MOHAMMED AL-HAMIDY et al., Appellants, and QUEENS SURFACE CORP. et al., Respondents. [616 NYS2d 648] —In a negligence action to recover damages for personal injuries, Mohammed Alhamidy appeals, and Milton Fishel and Peter Stathatos separately appeal, from an order of the Supreme Court, Queens County (Lerner, J.), dated January 4, 1993, which denied their respective motions for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision which denied the motion by Milton Fishel and Peter Stathatos for summary judgment and substituting therefor a provision granting summary judgment dismissing the complaint against these defendants and severing the action against the remaining defendants; as so modified, the order is affirmed, without costs or disbursements.

It is well settled that an owner of land abutting on a public

sidewalk does not, solely by reason of being an abutting owner, owe to the public a duty to keep the sidewalk in a safe condition (Conlon v Village of Pleasantville, 146 AD2d 736, 737).

A defendant will be liable, however, if he or she negligently constructed or repaired the sidewalk or actually created the defect that caused the accident or if the sidewalk was constructed in a special manner for the defendant's benefit (Kobert v Consolidated Edison Co., 176 AD2d 785, 786).

In the case at bar, the deposition testimony of the defendant tenant Mohammed Alhamidy raised an issue of fact as to whether Alhamidy contributed to the accident in question by making defective repairs to the sidewalk where the accident occurred. There is, however, no evidence to establish that the defendants Fishel and Stathatos, who own the building appurtenant to the sidewalk, were in any way responsible for any construction, maintenance, or repairs at the site of the accident. The plaintiffs' assertions that Fishel and Stathatos may have been responsible are nothing more than conjecture or surmise, which are insufficient to defeat a motion for summary judgment (see, Peppermill Realty v Vahab, 152 AD2d 554). Accordingly, Fishel and Stathatos are entitled to summary judgment dismissing the complaint against them.

The parties' remaining contentions are without merit. Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.