**Mary MOORE, Plaintiff,**

v.

**UNITED STATES of America, and the United States Social Security Administration, an agency of the United States of America, Defendants.**

**No. 92–CV–3498 (JG).**

United States District Court, E.D. New York.

May 5, 1995.

Mark E. Cohen, Pokorny, Schrenzel & Porkorny, Brooklyn, NY, for plaintiff.

Sarah J. Lum, Asst. U.S. Atty., Brooklyn, NY, for defendants.

### MEMORANDUM AND ORDER

GLEESON, District Judge:

On July 3, 1991, Mary Moore tripped and fell on the sidewalk in front of the Joseph P. Addabbo Federal Building in Queens, New York. In July 1992, Moore brought this action against the United States and the Social Security Administration to recover damages for injuries she allegedly suffered in the fall.

In her complaint, Moore alleges that the defendants were liable for the defective condition of the sidewalk on which she tripped because they owned the sidewalk and made repairs to it. (Compl. ¶¶ 5, 9). In March 1994, the defendants moved for summary judgment on the ground that it did not own the sidewalk, further contending that under New York law, an owner of property abutting a public sidewalk generally does not owe a duty to the public to keep the sidewalk in a safe condition. Conlon v. Village of Pleasantville, 146 A.D.2d 736, 537 N.Y.S.2d 221 (2d Dep't 1989).

In response to the United States' motion, Moore does not dispute that the City of New York, not the United States, owns the sidewalk on which she fell. Rather, Moore contends that the United States repaired and constructed portions of the sidewalk, and thus created the allegedly defective condition. (Statement Pursuant to Local Rule 3(G) ¶ 3; Mem. In Opp. To Def.'s Mot. For Summary Judgment at 3).

In response to these assertions, the government has submitted a Supplemental Declaration of Eugene Coursey, who is employed by the United States General Services Administration as the Building Manager of the Joseph P. Addabbo Federal Building. It states that the building and surrounding premises, including the New York City-owned sidewalk on which the plaintiff fell, were constructed by an independent contractor, Terminal Construction Corporation, and its subcontractors. (Id. ¶ 2). The sidewalk was constructed in 1988. Although there was some minor work performed in 1992 on a "seating area" on Parsons Boulevard, there is no dispute that this area is separate from, and the work did not affect, the area of the sidewalk where the plaintiff fell. (Id. at 4; Plf.'s Statement Pursuant to Local Rule 3(G) ¶ 9, Ex. C).

Moore does not dispute the assertion that the United States did not construct the sidewalk on which she fell, and candidly admitted at oral argument that she could not do so in good faith. (Tr. of Oral Argument, Mar. 3, 1995, at 7–8).

In sum, the United States does not own the sidewalk abutting the Joseph P. Addabbo Federal Building and was not involved in the creation of the allegedly defective condition which led to Moore's fall. The only remaining basis for liability, then, would be if the sidewalk constitutes a "special use" in accordance with New York law. *Kobet v. Consolidated Edison Co. of New York Inc.*, 176 A.D.2d 785, 786, 575 N.Y.S.2d 114, 115 (2d Dep't 1991); *Balsam v. Delma Engineering Corp.*, 139 A.D.2d 292, 298, 532 N.Y.S.2d 105, 109 (1st Dep't 1988), *appeal dismissed in part, denied in part*, 73 N.Y.2d 783, 536 N.Y.S.2d 741, 533 N.E.2d 671 (N.Y.1988). Under the special use doctrine, the defendants may be held liable if Moore can show either that (1) the defendants negligently constructed or repaired the sidewalk or (2) that the sidewalk was constructed in a special manner for the defendants' benefit. *Kobet*, 176 A.D.2d at 786, 575 N.Y.S.2d at 115.

However, "[s]pecial use cases usually involve the installation of some object in the sidewalk or street or some variance in the construction thereof," *Balsam*, 139 A.D.2d at 298, 532 N.Y.S.2d at 109, such as the installation of rails in the sidewalk to facilitate the removal of refuse, the placement of a protruding pipe for heating oil, or the installation of a driveway cut-out. *Id.* at 298–99, 532 N.Y.S.2d at 109–10 (citing cases). Thus, all special use cases involve an accommodation that allows the adjoining landowner to use the sidewalk "in a manner different from that of the general populace." *Id.* at 299, 532 N.Y.S.2d at 110. As the Court of Appeals has recently stated: "[t]he special use exception is reserved for situations where a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use, and is therefore required to maintain a portion of that property." *Poirier v. City of Schenectady*, 85 N.Y.2d 310, 624 N.Y.S. 555, 648 N.E.2d 1318 (1995). Although the sidewalk where plaintiff fell is constructed of bricks rather than concrete, it does not contain any such special accommodation, and Moore did not argue otherwise in her opposition to the motion. (*See* Tr. of Oral Argument at 9).

There is thus no genuine issue of material fact requiring trial. It is not disputed that the defendants do not own the sidewalk and did not build it, and the Court concludes as a matter of law that the "special use" doctrine does not apply to the facts presented by this case. Accordingly, as stated on the record at oral argument, summary judgment is granted to the defendants.

So Ordered.