■ LEO SANTELLO et al., Respondents, v CITY OF NEW YORK, Defendant, and HOWARD E. BABBUSH et al., Appellants. [636

NYS2d 69] —In an action to recover damages for personal injuries, etc., the defendants Howard Babbush and Marilyn Babbush appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated September 16, 1994, as denied their cross motion for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, with costs, the appellants' motion is granted, and the complaint is dismissed insofar as it is asserted against them.

In November 1993, the plaintiff Leo Santello allegedly sustained injuries when he tripped and fell on a public sidewalk located in front of the premises owned by the appellants Howard Babbush and Marilyn Babbush. The injured plaintiff and his wife then commenced this personal injury action against the City of New York and the appellants. After issue was joined, the appellants moved to dismiss the complaint for failure to state a cause of action against them. The Supreme Court denied the motion. We now reverse.

Since the complaint failed to allege that the appellants actually created the sidewalk defect *(see, Kobet v Consolidated Edison Co.,* 176 AD2d 785), that the sidewalk was constructed in a special manner for the appellants' benefit *(see, Holz v Rinacente Props.,* 197 AD2d 669), or that there is a statute, ordinance, or municipal charter specifically charging the abutting landowner with a duty to maintain and repair the sidewalk and providing for liability if a breach of that duty occurs *(see, Parker v Singer,* 202 AD2d 409), the plaintiffs failed to allege any facts on which the appellants could be held liable. Accordingly, the appellants' motion to dismiss the complaint insofar as it is asserted against them for failure to state a cause of action should have been granted. Sullivan, J. P., Thompson, Krausman and Florio, JJ., concur.