■ DIMETRIUS PARTRIDGE et al., Appellants, v STEPHEN D. PINZINO et al., Respondents, et al., Defendant. [642 NYS2d 933] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Brien, J.), dated May 19, 1995, which granted the motion of the defendants Stephen D. Pinzino and Charlene Pinzino for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff Adam Partridge allegedly suffered injuries when he fell off of his bicycle after riding over an uneven portion of a public sidewalk abutting property owned by the defendants Stephen D. Pinzino and Charlene Pinzino. Thereafter, the plaintiffs brought this personal injury action against the defendants.

The court properly granted the motion of the defendants Stephen D. Pinzino and Charlene Pinzino for summary judgment (*see, Zawacki v Town of N. Hempstead,* 184 AD2d 697). "It is well settled that the owner of land abutting on a public sidewalk does not, solely by reason of being an abutting owner, owe to the public a duty to keep the sidewalk in a safe condition" (*Davi v Alhamidy,* 207 AD2d 859, 860). The plaintiffs presented no evidence in admissible form that the installation by the Pinzinos of a cesspool in front of their home caused the allegedly defective condition of the sidewalk. Assertions to this effect by the plaintiffs' counsel were merely speculation and conjecture unsupported by the record and, therefore, were insufficient to defeat the motion for summary judgment (*see, Davi v Alhamidy, supra,* at 860). Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.