■ REGINA DELANO, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, et al., Defendant. [647 NYS2d 849] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), dated February 16, 1995, which granted the motion of the defendant Consolidated Edison Company of New York, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff alleged that she was injured when she tripped and fell over a gas service curb valve box owned by the defendant Consolidated Edison Company of New York, Inc. (hereinafter Con Ed), while walking on a sidewalk in New Rochelle. The evidence in the record established that Con Ed installed the valve box prior to 1977 when the municipality rebuilt the sidewalk with so-called "Z" bricks. At the time of the accident, the bricks had settled, and the valve box was raised above the level of the sidewalk.

We agree with the Supreme Court that Con Ed had no duty to maintain the municipal sidewalk surrounding the valve box since there was no evidence that the sidewalk was constructed in a special manner for Con Ed's use (*see, Kobet v Consolidated Edison Co.,* 176 AD2d 785; *see also, Molinaro v City of New York,* 10 NY2d 995; *cf., Romano v County of Monroe,* 149 AD2d 952). Moreover, no evidence was offered that Con Ed created the defect by installing the valve box in a negligent manner (*see, Kobet v Consolidated Edison Co., supra).* Accordingly, there was no basis for the imposition of liability on Con Ed, and its motion for summary judgment was properly granted. O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.