■ David Oquendo, Appellant, v City of New York, Defendant, and Samuel Luna et al., Respondents. [657 NYS2d 351] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated April 19, 1996, which granted the motion of the defendants Samuel Luna and Candelaria Luna for

summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained injuries when he tripped and fell on an uncovered natural gas vault in the public sidewalk. He brought the present action against the defendant City of New York as well as the respondents Samuel Luna and Candelaria Luna, the owners of the premises abutting the sidewalk. The case against the City was discontinued.

The motion of the respondents for summary judgment was properly granted. It is well established that an owner of land abutting a public sidewalk, does not, solely due to the location of the land, owe to the public a duty to maintain the sidewalk in a reasonably safe condition (*see, Rosales v City of New York,* 221 AD2d 329; *Davi v Alhamidy,* 207 AD2d 859, 860). The landowner, however, does owe a duty if he or she created the unsafe condition or used the public sidewalk for a special use or benefit (*see, Minott v City of New York,* 230 AD2d 719; *Santello v City of New York,* 222 AD2d 665).

The respondents made out a prima facie case that they did not create the condition or use the sidewalk for a special use or benefit. The plaintiff then failed to proffer evidentiary proof in admissible form establishing the existence of material questions of fact concerning the respondents' duty to maintain the vault cover (*see, Israelson v Rubin,* 20 AD2d 668, *affd* 14 NY2d 887). The plaintiff's mere conclusory allegation of a special use by the abutting property owners was insufficient to defeat the motion for summary judgment (*see, Shields v Stevens,* 55 AD2d 1017). Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.