■ VINCENT SOTO, Respondent, v CITY OF NEW YORK, Respondent, and NEW LIFE CHILD DEVELOPMENT CENTER, Appellant. [659 NYS2d 764] —In an action to recover damages for personal injuries, the defendant New Life Child Development Center appeals from an order of the Supreme Court, Kings County (Greenstein, J.), dated September 3, 1996, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs payable by the defendant City of New York, the motion for summary judgment is granted, and the complaint and all cross claims are dismissed insofar as asserted against the defendant New Life Child Development Center.

The plaintiff was injured when he fell in a three-foot by four-foot by six-inch-deep cut-out portion of a sidewalk, abutting property owned by the appellant. The plaintiff then commenced the present action against the City of New York and the appellant, alleging that they created and/or negligently maintained the sidewalk.

"It is well settled that a landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless 'the landowner created the defective condition or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon him' " *(Bloch v Potter,* 204 AD2d 672, 673, quoting *Surowiec v City of New York,* 139 AD2d 727, 728). Here, there is no evidence that the appellant made any special use of or derived any special benefit from the sidewalk in question, and there is no statute or ordinance placing any obligation on the appellant to maintain the sidewalk. Furthermore, the Chief Executive Officer of the appellant testified at her examination before trial that the appellant did not maintain or repair the sidewalk, nor did it create the hole in which plaintiff fell. Neither the plaintiff nor the City of New York has offered any evidence to the contrary. Therefore, the appellant is entitled to summary judgment *(see, Zuckerman v City of New York,* 49 NY2d 557). Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.