■ BURTON FRASER, Respondent, v AARON FERTIG et al., Appellants, et al., Defendant. (And a Third-Party Action.) [676 NYS2d 201] —In an action to recover damages for personal injuries, the defendants Aaron Fertig and Eileen Fertig appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated June 30, 1997, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

A landowner who negligently repairs a sidewalk is liable to a person injured thereupon (*see, Davi v Alhamidy,* 207 AD2d 859; *Kobet v Consolidated Edison Co.,* 176 AD2d 785; *Brady v Maloney,* 161 AD2d 879). During his examination before trial, the defendant landowner Aaron Fertig claimed not to have repaired the public sidewalk abutting his residential property where the plaintiff allegedly tripped and fell, but admitted to repairing two other sections of broken sidewalk abutting his residential property. As the defendant Village of Lawrence unequivocally stated that it had never repaired the sidewalk where the plaintiff allegedly fell, and the plaintiff submitted an affidavit by an expert in the field of concrete inspection who concluded that someone had attempted to repair that portion of the sidewalk, notwithstanding the defendant landowner's denial, there exists a question of fact as to whether he

contributed to the plaintiff's accident by making a defective repair to the sidewalk where the accident occurred (*see, Davi v Alhamidy, supra; Kobet v Consolidated Edison Co., supra; Brady v Maloney, supra; cf., Soto v City of New York,* 240 AD2d 485; *Palazzo v City of New Rochelle,* 236 AD2d 528). Thus, the Supreme Court properly denied the motion for summary judgment. Miller, J. P., Thompson, Joy and Florio, JJ., concur.