■ LIDIA BOGOMOLSKY, Respondent, v CITY OF NEW YORK et al., Respondents, and MABROUK REALTY CORP., Appellant. [687 NYS2d 176] —In an action to recover damages for personal injuries, the defendant Mabrouk Realty Corp. appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated January 26, 1998, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint and all cross claims are dismissed insofar as asserted against the defendant Mabrouk Realty Corp.

The plaintiff was allegedly injured when she tripped and fell on the sidewalk in front of a building owned by the defendant Mabrouk Realty Corp. (hereinafter Mabrouk). As stated by the

Court of Appeals in the case *of Hausser v Giunta* (88 NY2d 449, 452-453): "Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner (*City of Rochester v Campbell,* 123 NY 405; *Roark v Hunting,* 24 NY2d 470, 475). There are, however, circumstances under which this general rule is inapplicable and the abutting landowner will be held liable. Liability to abutting landowners will generally be imposed where the sidewalk was constructed in a special manner for the benefit of the abutting owner (*Clifford v Dam,* 81 NY 52), where the abutting owner affirmatively caused the defect (*Colson v Wood Realty Co.,* 39 AD2d 511, 512), where the abutting landowner negligently constructed or repaired the sidewalk (*id.*) and where a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty (*Willis v Parker,* 225 NY 159)".

In the case at bar, Mabrouk established a prima facie case that none of the circumstances enumerated above which could impose liability upon it was present. In opposition, the plaintiff failed to raise a triable issue of fact (*see, Hausser v Giunta, supra; Oquendo v City of New York,* 238 AD2d 391; *Rosales v City of New York,* 221 AD2d 329; *Davi v Alhamidy,* 207 AD2d 859, 860).

Furthermore, the plaintiff's contention that she fell on the step leading into the building is unsupported by the record. The plaintiff clearly testified at her examination before trial that she did not fall on this step but rather "on the sidewalk".

Accordingly, Mabrouk is entitled to dismissal of the complaint and all cross claims insofar as asserted against it. Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.