■ JULIA MARTINEZ, Respondent, v CITY OF NEW YORK, Respondent, and ST. JOHN'S I ASSOCIATES, L.P., Appellant. [704 NYS2d 278] —In an action to recover damages for personal injuries, the defendant, St. John's I Associates, L.P., appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 29, 1999, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

On May 23, 1994, the plaintiff fell on the public sidewalk in front of a building owned by the appellant. She commenced this action against the appellant and the City of New York alleging, *inter alia*, that she was injured when she fell because of a defective sidewalk that was the responsibility of the appellant and/or the City. The appellant's motion for summary judgment dismissing the complaint and all cross claims asserted against it was denied. We reverse. "Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner (*City of Rochester v Campbell*, 123 NY 405; *Roark v Hunting*, 24 NY2d 470, 475). There are, however, circumstances under which this general rule is inapplicable and the abutting landowner will be held liable. Liability to abutting landowners will generally be imposed where the sidewalk was constructed in a special manner for the benefit of the abutting owner (*Clifford v Dam*, 81 NY 52), where the abutting owner affirmatively caused the defect (*Colson v Wood Realty Co.*, 39 AD2d 511), where the abutting landowner negligently constructed or repaired the sidewalk (*id.*) and where a local ordinance or statute specifically charges an abutting landowner with a duty to maintain and repair the sidewalks and imposes liability for injuries resulting from the breach of that duty (*Willis v Parker*, 225 NY 159)" (*Hausser v Giunta*, 88 NY2d 449, 452-453; *see, Bogomolsky v City of New York*, 259 AD2d 719, 720).

Here, the appellant established, *inter alia*, that it neither repaired nor constructed the public sidewalk on which the

plaintiff fell, and that none of the other aforementioned circumstances existed. Since neither the plaintiff nor the City showed the existence of a factual issue sufficient to warrant a trial, the appellant's motion should have been granted (*see, Hausser v Giunta, supra*; *Capobianco v Mari,* 267 AD2d 191; *Cortes v City of Mt. Vernon,* 262 AD2d 441; *Bogomolsky v City of New York, supra*; *see generally, Alvarez v Prospect Hosp.,* 68 NY2d 320). Joy, J. P., S. Miller, Friedmann and Florio, JJ., concur.