■ ANTONIO PIERRE et al., Appellants, v CITY OF NEW YORK et al., Defendants, and JAMAICA WATER SUPPLY COMPANY, Respondent. [709 NYS2d 206] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated July 1, 1999, as granted that branch of the motion of the defendant Jamaica Water Supply Company which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff alleged that he cut his wrist on a piece of glass after he tripped and fell over a water valve box (hereinafter the box) located in a grassy median next to a public sidewalk. The box was owned and maintained by the defendant Jamaica Water Supply Company (hereinafter Jamaica). The area around the box had eroded, causing it to protrude several inches above ground level.

The Supreme Court properly determined that Jamaica established its entitlement to judgment as a matter of law. Jamaica had no duty to maintain the area surrounding the box. It did not own the land on which the box was located, and there was no evidence that the area was constructed in a special manner for its use (see, Delano v Consolidated Edison Co., 231 AD2d 671; Kobet v Consolidated Edison Co., 176 AD2d 785). Moreover, there was no evidence that Jamaica created the defect by installing the box in a negligent manner (see, Delano v Consolidated Edison Co., supra; Kobet v Consolidated Edison Co., supra). The plaintiffs failed to raise a triable issue of fact for any basis for imposing liability on Jamaica, and its motion for summary judgment was properly granted. Bracken, J. P., O'Brien, Thompson and Florio, JJ., concur.