■ ELIZABETH SALICA et al., Respondents, v LENNY'S CLAM BAR, INC., Appellant and JOSEPH DECANDIA et al., Respondents. (And a Third-Party Action.) [738 NYS2d 690] —In an action to recover damages for personal injuries, etc., the defendant Lenny's Clam Bar, Inc., appeals from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated February 20, 2001, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff allegedly tripped and fell on a defective curb cut adjacent to the entrance of a parking lot owned by the defendant City of New York and leased to the defendant Joseph DeCandia. The defendant Lenny's Clam Bar, Inc. (hereinafter the appellant), operates a restaurant which abuts the parking lot and is located on property owned by Joseph DeCandia and his wife, the defendant Clara DeCandia. The appellant leased the subject property from the DeCandias, who are also its sole shareholders and officers.

Generally, "an owner of land abutting on a public sidewalk does not, solely by reason of being an abutting owner, owe to the public a duty to keep the sidewalk in a safe condition" (*Conlon v Village of Pleasantville,* 146 AD2d 736, 737). However, liability may attach where a defendant negligently constructed or repaired the sidewalk, or created the defect that caused the accident, or if the sidewalk was constructed in a special manner for its benefit (*see, Davi v Alhamidy,* 207 AD2d 859, 860; *Kobet v Consolidated Edison Co. of N.Y.,* 176 AD2d 785, 786; *Brady v Maloney,* 161 AD2d 879, 880).

Contrary to the appellant's contention, the Supreme Court correctly denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Joseph DeCandia's admission that he performed repair work on the sidewalk raises an issue of fact as to whether he made repairs to the subject sidewalk on behalf of the appellant and if so, whether the appellant created the alleged defective condition by such repairs.

The appellant's remaining contentions are without merit. Feuerstein, J.P., Krausman, Schmidt and Cozier, JJ., concur.