■ ANTONIO PIERRE, an Infant, by His Grandmother and Legal Guardian, CONCETTA PIERRE, et al., Appellants, v CITY OF NEW YORK et al., Defendants, and PINCUS NEIMAN et al., Respondents. [745 NYS2d 61] —In an action to recover damages

for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated March 16, 2001, as granted that branch of the motion of the defendants Pincus Neiman and Hager Management which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The infant plaintiff alleged that he cut his wrist on a piece of glass after he tripped and fell over a water valve box (hereinafter the box) located in a grassy median next to a public sidewalk. The box was owned and maintained by the defendant Jamaica Water Supply Company, which was previously granted summary judgment by this Court (*see Pierre v City of New York,* 273 AD2d 368). The area around the box had eroded, causing the box to protrude several inches above ground level.

The Supreme Court properly determined that the defendants Pincus Neiman, the owner of the premises abutting the accident location, and Hager Management, the managing agent of the property (hereinafter jointly referred to as the respondents), established their entitlement to judgment as a matter of law. The respondents had no duty to maintain the area surrounding the box. They did not own the land upon which the box was located, and there was no evidence that the area was constructed in a special manner for their use (*see Delano v Consolidated Edison Co. of N.Y.,* 231 AD2d 671; *Kobet v Consolidated Edison Co. of N.Y.,* 176 AD2d 785). Moreover, there was no evidence that the respondents created the defect by negligently maintaining the area around the box (*see Delano v Consolidated Edison Co. of N.Y., supra*; *Kobet v Consolidated Edison Co. of N.Y., supra*). In opposition to the motion, the plaintiffs failed to raise a triable issue of fact regarding any basis for imposing liability on the respondents. Therefore, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them. Goldstein, J.P., McGinity, Adams and Townes, JJ., concur.