■ SIMA ZARBALIYEVA, Respondent, v FONE MANAGEMENT ENTERPRISES, INC., Appellant, and DELL AUTO CENTER et al., Respondents. [751 NYS2d 878] —In an action to recover damages for personal injuries, the defendant Fone Management Enterprises, Inc., appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated March 15, 2002, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when she slipped on spilled iced tea and broken glass located near a pay telephone that had been installed by the defendant Fone Management Enterprises, Inc. (hereinafter Fone Management). She alleged that Fone Management's placement of the pay telephone on the sidewalk constituted a special use thereof, which required Fone Management to maintain the area of sidewalk surrounding it. Fone Management moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion, finding that there were questions of fact. We reverse.

Fone Management established a prima facie showing of entitlement to summary judgment (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320). In opposition, the plaintiff presented no evidence, only speculation (*see e.g. Breuer v Wal-Mart Stores,* 289 AD2d 276; *Scheer v Roth,* 280 AD2d 595; *Licatese v Waldbaums, Inc.,* 277 AD2d 429; *Ramatowski v City of New York,* 284 AD2d 318; *Goldman v Waldbaum, Inc.,* 248 AD2d 436; *Partridge v Pinzino,* 227 AD2d 460; *Segretti v Shorenstein Co., E.,* 256 AD2d 234). Therefore, Fone Management's motion should have been granted. Smith, J.P., O'Brien, Krausman and Rivera, JJ., concur.