SECOND DEPARTMENT, JUNE, 2003

(June 2, 2003)

■ DAVID N. ADLER et al., Respondents, v SUFFOLK COUNTY WATER AUTHORITY, Appellant, et al., Defendants. [760 NYS2d 523] —In an action to recover damages for personal injuries, etc., the defendant Suffolk County Water Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), entered July 26, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff David N. Adler was injured on August 23, 1998,

at about 9:00 A.M., when the front wheel of his bicycle hit a depression in the roadway on Maple Avenue in the Town of Smithtown, County of Suffolk, causing him to fall. The alleged defect in the roadway was an open concentric region, approximately five inches deep, which surrounded a water valve box allegedly installed by the defendant Suffolk County Water Authority (hereinafter the SCWA).

The SCWA failed to satisfy its burden on its motion for summary judgment of establishing in the first instance its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). The SCWA did not submit any evidence with its moving papers to establish that it did not install the water valve box or that it did not create the alleged defect in the roadway by installing the water valve box in a negligent manner (*see Atiles v City of New York,* 279 AD2d 543 [2001]; *cf. Pierre v City of New York,* 273 AD2d 368 [2000]; *Verdes v Brooklyn Union Gas Co.,* 253 AD2d 552, 553 [1998]; *Delano v Consolidated Edison Co. of N.Y.,* 231 AD2d 671 [1996]; *Kobet v Consolidated Edison Co. of N.Y.,* 176 AD2d 785, 786 [1991]). The evidence submitted by the SCWA for the first time in its reply was properly disregarded by the Supreme Court (*see Johnston v Continental Broker-Dealer Corp.,* 287 AD2d 546 [2001]; *Chavez v Bancker Constr. Corp.,* 272 AD2d 429 [2000]).

Accordingly, the Supreme Court correctly denied the SCWA's motion for summary judgment. Ritter, J.P., Smith, S. Miller and Adams, JJ., concur.