■ RUTH M. KOVITS, Appellant, v SAVINGS BANK OF UTICA, Defendant, and NIAGARA MOHAWK POWER CORPORATION, Respondent. (Appeal No. 1.) [783 NYS2d 176]—

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, A.J.), entered August 13, 2003. The order granted the motion of defendant Niagara Mohawk Power Corporation for summary judgment dismissing the amended complaint and cross claim against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied and the amended complaint against defendant Niagara Mohawk Power Corporation is reinstated.

Memorandum: Plaintiff was injured in a slip and fall accident on a cracked sidewalk around a damaged utility access manhole cover at the southwest corner of Blandina and Union Streets in the City of Utica. Defendant Niagara Mohawk Power Corporation (Niagara Mohawk) owns the underground pull box and wires at the corner where the accident occurred. Supreme Court granted the motion of Niagara Mohawk for summary judgment dismissing the amended complaint and cross claim against it.

We agree with plaintiff's contention that Niagara Mohawk failed to meet its burden of establishing entitlement to judgment as a matter of law (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Romano v County of Monroe, 149 AD2d 952 [1989]). Niagara Mohawk's submissions established that the damage to the sidewalk was caused by the collapse of the underground pull box. Moreover, Niagara Mohawk failed to establish that it did not create the defect in the sidewalk by installing the pull box in a negligent manner, causing it to collapse (see Adler v Suffolk County Water Auth., 306 AD2d 229, 230 [2003]). Consequently, we reverse the order, deny the motion and reinstate the amended complaint against Niagara Mohawk. Present—Pine, J.P., Scudder, Kehoe, Martoche and Lawton, JJ.