■ Edwin Pacheco et al., Respondents, v Keyspan Corporation, Appellant, and Consolidated Edison Company of New York et al., Respondents. [814 NYS2d 674]—

In an action to recover damages for personal injuries, etc., the defendant Keyspan Corporation appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated May 18, 2005, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the motion of the defendant Keyspan Corporation (hereinafter Keyspan) for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Keyspan failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Keyspan failed to establish that it did not own or maintain the pipe or gas valve with the allegedly missing cover which caused the infant plaintiff to fall (*see Adler v Suffolk County Water Auth.,* 306 AD2d 229, 230 [2003]; *Migdol v City of New York,* 291 AD2d 201 [2002]). Keyspan also failed to establish that it did not make a special use of the sidewalk where the pipe or gas valve was located (*see Romano v County of Monroe,* 149 AD2d 952 [1989]). Since Keyspan failed to meet its initial burden as the movant, the sufficiency of the plaintiffs' opposition papers need not be considered (*see Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d 436 [2005]; *Joachim v 1824 Church Ave., Inc.,* 12 AD3d 409 [2004]; *see generally Winegrad v New York Univ. Med. Ctr., supra* at 853).

Keyspan's remaining contentions are without merit. Florio, J.P., Santucci, Goldstein and Skelos, JJ., concur.