(October 24, 2006)

■ CHRISTOS ALEXOPOULOS, Respondent, v CITY OF NEW YORK et al., Respondents, and BROOKLYN UNION GAS COMPANY, Defen-

dant and Third-Party Plaintiff-Appellant. DORIC AND STAVROS CONTRACTING, INC., et al., Third-Party Defendants-Respondents. [824 NYS2d 318]—

In an action to recover damages for personal injuries, the defendant and third-party plaintiff Brooklyn Union Gas Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Mega, J.), dated February 18, 2005, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and granted that branch of the motion of the third-party defendants Thomas Varghese and Elcey Thomas which was for summary judgment dismissing the third-party complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff allegedly was injured after stepping into a depression in the sidewalk surrounding a gas valve box, causing him to fall. The valve allegedly was installed by the defendant Brooklyn Union Gas Company (hereinafter BUG) or one of its contractors in or about 1972. The sidewalk where the valve is located is adjacent to the property owned by the third-party defendants Thomas Varghese and Elcey Thomas.

The Supreme Court properly determined that BUG failed to establish its prima facie entitlement to judgment as a matter of law (*see Ayotte v Gervasio*, 81 NY2d 1062 [1993]; *Pacheco v Keyspan Corp.*, 28 AD3d 729 [2006]; *Kovits v Savings Bank of Utica*, 11 AD3d 987 [2004]; *Adler v Suffolk County Water Auth.*, 306 AD2d 229 [2003]; *cf. Pierre v City of New York*, 273 AD2d 368 [2000]; *Verdes v Brooklyn Union Gas Co.*, 253 AD2d 552 [1998]; *Delano v Consolidated Edison Co. of N.Y.*, 231 AD2d 671 [1996]; *Kobet v Consolidated Edison Co. of N.Y.*, 176 AD2d 785, 786 [1991]).

The court did not err in granting that branch of the motion of Thomas Varghese and Elcey Thomas which was for summary judgment dismissing the third-party complaint insofar as asserted against them. They established their prima facie entitlement to judgment as a matter of law on the grounds that they did not own the land upon which the valve box was located and

did not create the alleged defect or make special use of the surrounding sidewalk (*see Pierre v City of New York*, 296 AD2d 389 [2002]). In opposition, BUG did not raise any triable issues of fact. Schmidt, J.P., Fisher, Dillon and Covello, JJ., concur.