■ LESLIE GIFFORDS et al., Appellants, v WATER AUTHORITY OF GREAT NECK NORTH et al., Respondents. [836 NYS2d 629]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated March 17, 2006, which granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff Leslie Giffords (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell on a water valve box located in a public roadway in the Village of Great Neck Plaza. At the time of the accident, the concrete surrounding the water valve box had eroded, causing the box to protrude above the surrounding area. The injured plaintiff and her husband, suing derivatively, commenced this action to recover damages against the Village of Great Neck Plaza, Inc., the municipal owner of the roadway, and the Water Authority of Great Neck North (hereinafter the Water Authority), the owner of the water valve box.

The Village made a prima facie showing of its entitlement to summary judgment dismissing the complaint insofar as asserted against it by demonstrating that it had no prior written notice of the allegedly defective condition that caused the injuries to the injured plaintiff (*see* General Municipal Law § 50-e [4]; Code of Village of Great Neck Plaza § 185-39; *Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Lopez v G&J Rudolph Inc.*, 20 AD3d

511 [2005]). Furthermore, the Water Authority established, as a matter of law, that it had no duty to maintain the area surrounding the water valve box (*see Pierre v City of New York,* 273 AD2d 368 [2000]; *Delano v Consolidated Edison Co. of N.Y.,* 231 AD2d 671 [1996]; *Kobet v Consolidated Edison Co. of N.Y.,* 176 AD2d 785 [1991]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Poirier v City of Schenectady,* 85 NY2d 310, 315 [1995]). Accordingly, the Supreme Court properly granted the respective motions of the Village and the Water Authority for summary judgment dismissing the complaint insofar as asserted against them.

The plaintiffs' remaining contention is without merit. Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.