■ ELENA ARAUJO, Respondent, v CITY OF NEW YORK, Respondent-Appellant, and VITO COLONNA et al., Defendants/ Third-Party Plaintiffs-Appellants-Respondents. S. SCOTTO, Third-Party Defendant-Respondent. [922 NYS2d 806]—

Motion by the appellants-respondents to reargue appeals from two orders of the Supreme Court, Kings County, both dated January 15, 2010, which were determined by decision and order of this Court dated December 28, 2010.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted and the decision and order of this Court dated December 28, 2010 (*Araujo v City of New York*, 79 AD3d 1076 [2010]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the defendants/third-party plaintiffs, Vito Colonna and Maria Colonna, appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated January 15, 2010, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) from an order of the same court, also dated January 15, 2010, which granted the motion of the third-party defendant, S. Scotto, for summary judgment dismissing the third-party complaint, and the defendant City of New York cross-appeals, as limited by its brief, from so much of the first order dated January 15, 2010, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the first order dated January 15, 2010, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the second order dated January 15, 2010, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the third-party defendant, payable by the defendants/third-party plaintiffs, and one bill of costs is awarded to the plaintiff, payable by the defendants.

The defendants Vito Colonna and Maria Colonna (hereinafter together the Colonnas) contend that the Supreme Court erred in denying that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them. The evidence submitted by the Colonnas, including deposition testimony, photographs, and an expert affidavit, was insufficient to demonstrate, prima facie, that the alleged defect was trivial and, therefore, not actionable (*see Bolloli v Waldbaum, Inc.*, 71 AD3d 618 [2010]; *Hahn v Wilhelm*, 54 AD3d 896 [2008]; *Corrado v City of New York*, 6 AD3d 380 [2004]). *Moreover, the Colonnas failed to establish, prima facie, that they did not create the alleged defect.* Accordingly, the Supreme Court properly denied that branch of the Colonnas' motion which was for summary judgment dismissing the complaint insofar as asserted against them (*see Seith v City of New York*, 293 AD2d 666 [2002]; *Zito v City of New York*, 293 AD2d 469 [2002]; *Fraser v Fertig*, 251 AD2d 621 [1998]; *Botfeld v City of New York*, 162 AD2d 652 [1990]).

The defendant City of New York also contends that the Supreme Court erred in denying its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. However, since a triable issue of fact exists as to whether the defect was trivial and nonactionable, the Supreme Court properly denied the City's cross motion.

Contrary to the Colonnas' contention, the Supreme Court properly granted the motion of the third-party defendant, S. Scotto, an adjacent landowner to the Colonnas, for summary judgment dismissing the third-party complaint. S. Scotto established, prima facie, that he did not create a defect or hazardous condition on the sidewalk in front of the Colonnas' home (*see Hines v City of New York*, 43 AD3d 869 [2007]; *Rodgers v City of New York*, 34 AD3d 555 [2006]; *Alexopoulos v City of New York*, 33 AD3d 828 [2006]). Moreover, with regard to the claims for contractual indemnification and breach of contract asserted against S. Scotto, S. Scotto demonstrated that there was no contract between himself and the Colonnas. In opposition, the Colonnas failed to raise a triable issue of fact. Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.