MICHAEL LAGRASTA, Appellant, v TOWN OF OYSTER BAY, Respondent. [930 NYS2d 254]—

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [c]).

The plaintiff owned a boat that he docked at a marina owned, operated, and maintained by the defendant, Town of Oyster Bay. On August 21, 2006, the plaintiff allegedly was walking on a floating wooden dock at the marina to access his boat when he tripped and fell over a raised portion of the dock at slip 15. The plaintiff subsequently commenced this action to recover damages for personal injuries allegedly sustained as a result of the fall. The Supreme Court granted the Town's motion for summary judgment dismissing the complaint. We reverse.

The Town failed to meet its prima facie burden of showing that it is entitled to judgment as a matter of law. Contrary to the Town's contention and the conclusion of the Supreme Court, the action is not subject to dismissal on the ground that the Town lacked prior written notice of the alleged defective condition. Prior written notice laws are in derogation of the common law and must be strictly construed (*see Gorman v Town of Huntington*, 12 NY3d 275, 279 [2009]; *Selca v City of Peekskill*, 78 AD3d 1160, 1161 [2010]). Here, the location of the accident does not fall within the ambit of the Town's prior written notice

statute, which applies to alleged defects on any "street, highway, bridge, culvert, sidewalk or crosswalk" (Code of Town of Oyster Bay § 160-1 [A]; *see Selca v City of Peekskill*, 78 AD3d at 1161; *cf. Englehardt v Town of Hempstead*, 141 AD2d 601, 602 [1988]).

Also contrary to the Town's contention and the conclusion of the Supreme Court, the Town failed to make a prima facie showing that it did not create or have actual or constructive notice of the alleged defective condition (*see Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061 [2010]; *Molloy v Waldbaum, Inc.*, 72 AD3d 659, 659-660 [2010]; *Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 636 [2010]). In support of its motion, the Town submitted the deposition testimony of Salvatore Cornicelli, the manager of the marina at the time the accident occurred. During Cornicelli's testimony, it was elicited that, in June 2006, notations were made in the marina's boat check inspection reports indicating that there was a raised board at slip 14 and slip 15. Cornicelli testified, when questioned about these notations, that this meant that there were one or two raised boards that needed replacing in the area.

Finally, contrary to the Town's contention, the evidence submitted by the Town, including photographs and the plaintiff's deposition testimony, was insufficient to demonstrate, prima facie, that the alleged defect was trivial and, therefore, not actionable (*see Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997]; *Araujo v City of New York*, 84 AD3d 993, 994 [2011]; *Bolloli v Waldbaum, Inc.*, 71 AD3d 618, 619 [2010]).

Accordingly, the Supreme Court should have denied the Town's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's papers in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur.