CHERYL JACKSON, Respondent, v JAMAICA FIRST PARKING, LLC, Appellant, et al., Defendant. [936 NYS2d 278]—

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the contention of the defendant Jamaica First Parking, LLC (hereinafter the appellant), the evidence it submitted in support of its motion for summary judgment dismissing the complaint insofar as asserted against it, including deposition testimony and photographs, failed to establish, prima facie, that the alleged defect was trivial and, therefore, not actionable (*see Lagrasta v Town of Oyster Bay*, 88 AD3d 658 [2011]; *Araujo v City of New York*, 84 AD3d 993 [2011]; *Bolloli v Waldbaum, Inc.*, 71 AD3d 618, 619 [2010]; *DeLaRosa v City of New York*, 61 AD3d 813, 814 [2009]; *Portanova v Kantlis*, 39 AD3d 731 [2007]; *cf. Fisher v JRMR Realty Corp.*, 63 AD3d 677, 678 [2009]).

Furthermore, "[a] defendant who moves for summary judgment in a trip-and-fall case has the initial burden of making a

prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it" (*Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655, 656 [2009]; *see Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 598 [2010]). Here, the appellant failed to establish, prima facie, that it lacked constructive notice of the existence of the alleged hazard, as the deposition testimony of an employee of its affiliated corporation upon which it relies merely referred to general inspection practices of the premises in question and provided no evidence as to when the sidewalk at issue was last inspected prior to the accident (*see Goodyear v Putnam/Northern Westchester Bd. of Coop. Educ. Servs.*, 86 AD3d 551, 552 [2011]; *Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655 [2009]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 599 [2008]).

In light of the appellant's failure to meet its prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition to the appellant's motion were sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly denied those branches of the appellant's motion which were for summary judgment dismissing the complaint insofar as asserted against it on the grounds that the alleged defect was trivial as a matter of law and that it did not create the alleged defect or have actual or constructive notice thereof. Florio, J.P., Belen, Roman and Sgroi, JJ., concur.