■ TONI A. NAGIN et al., Appellants, v K.E.M. ENTERPRISES, INC., Respondent. [975 NYS2d 753]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Galasso, J.), entered May 23, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

This appeal arises out of a trip-and-fall accident that occurred in the entrance foyer of a building located at the New York

Institute of Technology. The subject area was covered by a marble floor with a recessed portion in which a berber carpet mat was situated. The plaintiff Toni A. Nagin (hereinafter the injured plaintiff) alleges that she fell as a result of a difference in height between the top of the mat and the surrounding floor area. The defendant is the company that installed the replacement berber mats into the already existing pre-cut floor area.

The defendant moved for summary judgment dismissing the complaint, arguing that the alleged defect was trivial and, therefore, not actionable, and that, in any event, it neither had notice of nor created the alleged defect. The Supreme Court granted the motion, concluding that the defendant established its prima facie entitlement to judgment as a matter of law, and that the plaintiffs failed to raise a triable issue of fact in opposition.

"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]). However, liability will not be imposed for trivial defects which do not constitute a trap or nuisance (*see Dery v K Mart Corp.*, 84 AD3d 1303, 1304 [2011]; *Richardson v JAL Diversified Mgt.*, 73 AD3d 1012, 1013 [2010]; *Joseph v Villages at Huntington Home Owners Assn., Inc.*, 39 AD3d 481 [2007]). "In determining whether a defect is trivial as a matter of law, a court must examine all of the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury" (*Fontana v Winery*, 84 AD3d 863, 864-865 [2011] [internal quotation marks omitted]; *see Trincere v County of Suffolk*, 90 NY2d at 978).

In support of its motion for summary judgment, the defendant submitted photographs of the subject area, as well as transcripts of the deposition testimony of the injured plaintiff and one of its own principals. However, this evidence did not provide any details regarding the height of the carpet mat in relation to the surrounding floor area. In fact, at his deposition, the defendant's witness did not know the depth of the recessed area in the floor, the thickness of the carpet mat that was installed, or whether the carpet mat was flush with the surrounding floor. Nor did the photographs demonstrate that there was a trivial height differential between the surface of the carpet mat and the surface of the surrounding floor. Accordingly, the defendant failed to establish, prima facie, that the alleged defect was trivial and, therefore, not actionable (*see Jackson v Jamaica*

*First Parking, LLC*, 91 AD3d 602 [2012]; *Lagrasta v Town of Oyster Bay*, 88 AD3d 658 [2011]; *Araujo v City of New York*, 84 AD3d 993 [2011]; *Bolloli v Waldbaum, Inc.*, 71 AD3d 618, 619 [2010]; *DeLaRosa v City of New York*, 61 AD3d 813, 814 [2009]).

Furthermore, "[a] defendant who moves for summary judgment in a trip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it" (*Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655, 656 [2009]; *see Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 598 [2010]). Here, the defendant failed to demonstrate, prima facie, that its installation of the carpet did not create the alleged defect.

In light of the defendant's failure to meet its prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition to the defendant's motion were sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Mastro, J.P., Leventhal, Austin and Sgroi, JJ., concur.