Flom v United Water N.Y., Inc. (2019 NY Slip Op 04141)





Flom v United Water N.Y., Inc.


2019 NY Slip Op 04141


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-03254
 (Index No. 30075/16)

[*1]Leonid Flom, appellant, 
v
United Water New York, Inc., et al., respondents.


Adams Law Firm, P.C., Bardonia, NY (Jeffrey M. Adams of counsel), for appellant.
Litchfield Cavo LLP, New York, NY (Robert Macchia of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated October 2, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for injuries he allegedly sustained when he fell off the bicycle he was riding when it struck a pothole which had formed around a water valve owned and maintained by the defendants. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint, and the plaintiff appeals.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence that they did not own the road on which the plaintiff was riding, or create or contribute to the complained-of defect thereon, or make special use of the portion of the road where their water valve was located (see Giffords v Water Auth. of Great Neck N., 40 AD3d 695; Pierre v City of New York, 273 AD2d 368; Delano v Consolidated Edison Co. of N.Y., 231 AD2d 671). In opposition, the plaintiff failed to provide an evidentiary basis to suggest that discovery might lead to relevant evidence or that facts essential to oppose the motion were in the exclusive knowledge and control of the defendants. Therefore, his contention that the summary judgment motion was premature is without merit (see Suero-Sosa v Cardona, 112 AD3d 706, 707-708).
Accordingly, we agree with the Supreme Court's grant of the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court