Lopez v Central Hudson Gas & Elec. Corp. (2024 NY Slip Op 04382)

Lopez v Central Hudson Gas & Elec. Corp.

2024 NY Slip Op 04382

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-09587
 (Index No. 9945/19)

[*1]Maria Lopez, appellant, 
v
Central Hudson Gas & Electric Corporation, respondent, et al., defendant (and a third-party action).

Neimark Coffinas & Lapp, LLP, New City, NY (Ira H. Lapp of counsel), for appellant.
Cook, Kurtz & Murphy, P.C., Kingston, NY (John C. Burns and Eric M. Kurtz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (James L. Hyer, J.), dated October 26, 2022. The order, insofar as appealed from, granted the motion of the defendant Central Hudson Gas & Electric Corporation for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Central Hudson Gas & Electric Corporation (hereinafter Central Hudson) to recover damages for personal injuries that she allegedly sustained when she tripped and fell on a defective sidewalk condition. The plaintiff subsequently amended the complaint to add an additional defendant. At her deposition, the plaintiff testified that she fell when her foot came into contact with broken concrete. At his deposition, an electric line foreman employed by Central Hudson testified that in the 1960s, Central Hudson had installed a utility pole which was supported by a guy wire and a guy wire anchor near the accident site. In an order dated October 26, 2022, the Supreme Court, inter alia, granted Central Hudson's motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff appeals.
"As a general rule, liability for a dangerous [or defective] condition on property is predicated upon ownership, occupancy, control or special use of the property" (Farmer v Gazebo Contr., Inc., 218 AD3d 644, 646 [internal quotation marks omitted]; see Hickman v Medina, 114 AD3d 907). Where it is alleged that the defendant made special use of the sidewalk, to hold the defendant liable, the evidence must also demonstrate that the special use caused the defective condition which proximately caused the plaintiff's injuries (see O'Toole v City of Yonkers, 107 AD3d 866, 867; Adorno v Carty, 23 AD3d 590).
Here, Central Hudson established, prima facie, that the defect that caused the plaintiff to fall was not caused by its installation of the guy wire anchor and that its special use of the sidewalk did not cause the sidewalk to become defective (see O'Toole v City of Yonkers, 107 AD3d [*2]at 867-868; see also Pierre v City of New York, 273 AD2d 368; Delano v Consolidated Edison Co. of N.Y., 231 AD2d 671; Kobet v Consolidated Edison Company of New York, Inc., 176 AD2d 785; Alexopoulos v City of New York, 33 AD3d 828, 829). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted Central Hudson's motion for summary judgment dismissing the complaint insofar as asserted against it.
IANNACCI, J.P., CHAMBERS, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court