■ THOMAS SMITH et al., Respondents, v KEY BANK OF WESTERN NEW YORK, N. A., Appellant. [614 NYS2d 849] —Order affirmed with costs. Memorandum: Supreme Court properly

denied defendant's motion for summary judgment. In support of the motion, defense counsel asserted in his affidavit that there was no dangerous or defective condition on defendant's premises and that plaintiff Thomas Smith's conduct was the cause of the accident. Those conclusory assertions are insufficient for defendant to meet its burden of proof to entitle it to summary judgment *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Republic Natl. Bank v Luis Winston, Inc.,* 107 AD2d 581, 582). Moreover, summary judgment is seldom appropriate in negligence actions *(see, Burlingame v Hefti,* 181 AD2d 986). Indeed, even when "the facts are conceded there is often a question as to whether the defendant or the plaintiff acted reasonably under the circumstances. This can rarely be decided as a matter of law" *(Andre v Pomeroy,* 35 NY2d 361, 364). Because questions of fact, at least arguably, are presented whether a dangerous or defective condition existed on the premises and whether that condition was a proximate cause of the accident, summary judgment is precluded *(see, Hourigan v McGarry,* 106 AD2d 845, 845-846, *appeal dismissed* 65 NY2d 637).

We note that the cases relied on by the dissent do not involve motions for summary judgment.

All concur except Pine, J. P., and Boehm, J., who dissent and vote to reverse in the following Memorandum.

Pine, J. P., and Boehm, J. (dissenting). We respectfully dissent. In our view, Supreme Court erred in denying defendant's motion for summary judgment. On March 17, 1991, plaintiff Thomas Smith (plaintiff) entered the branch of defendant in Amherst to withdraw money from his checking account. Upon observing that there was no one in line, plaintiff attempted to step over a rope used to delineate the customer line; the rope hung between stanchions and was approximately three to six inches off the floor. In attempting to step over the rope, plaintiff tripped, sustaining physical injuries. He commenced this action, alleging that defendant was negligent in failing to place warnings at or near the stanchions and permitting the stanchions "to be arranged or placed in a dangerous position in that the ropes connecting said stanchions failed to hang at the proper level".

Where negligence of a landowner is at issue, the test is whether the landowner used "reasonable care under the circumstances whereby foreseeability shall be a measure of liability" *(Basso v Miller,* 40 NY2d 233, 241). "There is no

duty on the part of a landowner to warn against a condition that can readily be observed by those employing the reasonable use of their senses *(see, Poerio v State of New York,* 144 AD2d 129, 131). Under such circumstances, the condition is a warning in itself *(see, Rolfe v Galt,* 102 AD2d 983, 984, *lv denied* 63 NY2d 604)" *(Tarricone v State of New York,* 175 AD2d 308, 309, *lv denied* 78 NY2d 862). Plaintiff admitted that he saw the rope, which was in plain view, before he tried to step over it. Under the circumstances, we are unable to agree with the majority that failing to post warning signs and permitting the ropes to be three to six inches off the floor present questions of fact whether defendant was negligent. Any injury resulting from plaintiff's failure to clear the rope was in no way due to the failure of defendant to exercise reasonable care. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.