Jessica Kucera, Appellant, v Waldbaums Supermarkets, Respondent. [758 NYS2d 133] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Suffolk County (Costello, J.), dated March 12, 2002, as granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered April 11, 2002, as, upon the order, dismissed the complaint. The notice of appeal from the order entered March 20, 2002 is deemed also to be a notice of appeal from the judgment (*see CPLR 5501 [c]*).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, so much of the order insofar as granted the

defendant's motion for summary judgment is vacated, that motion is denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, an employee of the third-party defendant Dietz & Watson, Inc., was injured when the upright door of the defendant's deli display case closed on her as she was arranging deli meats inside the case. She commenced this action alleging that the defendant negligently allowed the case to remain in a dangerous condition. The defendant moved for summary judgment dismissing the complaint on the ground that it neither created nor had notice of the alleged dangerous condition. The court granted the motion, and we reverse.

To prove a prima facie case of negligence, a plaintiff is required to show that the defendant either created the condition that caused the accident or had actual or constructive notice of it (*see Bradish v Tank Tech Corp.,* 216 AD2d 505, 506 [1995]; *Gaeta v City of New York,* 213 AD2d 509, 510 [1995]; *Pirillo v Longwood Assoc.,* 179 AD2d 744, 745 [1992]). However, as the movant in this case, the defendant was required to make a prima facie showing, inter alia, "to establish the absence of notice as a matter of law" (*Colt v Great Atl. & Pac. Tea Co.,* 209 AD2d 294, 295 [1994]; *see Colon v Produce Warehouse Carle Place,* 303 AD2d 354 [2003]; *Goldin v Riker* 273 AD2d 197 [2000]). The defendant failed to carry its burden in this regard. Indeed, its manager, employed for only one month before the accident, candidly admitted that he lacked knowledge as to whether complaints had been made concerning a defect in the display case predating his employment.

Beyond the issue of notice, the defendant's prima facie burden faltered on the issue of whether the condition of the display case was dangerous or defective. The defendant's sole support for its claim that the display case was not dangerous or defective consisted of a conclusory statement in its attorney's affirmation to the effect that the plaintiff had not demonstrated the existence of a defect in the door. However, a defendant moving for summary judgment does not carry its burden merely by citing gaps in the plaintiff's case (*see Dalton v Educational Testing Serv.,* 294 AD2d 462, 463 [2002]; *Pace v*

*International Bus. Mach. Corp.,* 248 AD2d 690, 691 [1998]; *Larkin Trucking Co. v Lisbon Tire Mart,* 185 AD2d 614, 615 [1992]). In addition, this bald assertion was insufficient to establish the defendant's entitlement to judgment as a matter of law (*see Webb v Audi,* 208 AD2d 1122, 1123 [1994]; *Smith v Key Bank of W. N.Y.,* 206 AD2d 848, 849 [1994]).

Accordingly, the Supreme Court erred in granting summary judgment in favor of the defendant (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Altman, J.P., Smith, McGinity and Crane, JJ., concur.