■ JENNIFER KATZ, Respondent, v PRO FORM FITNESS, INC., et al., Appellants. [769 NYS2d 903]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Price, J.), dated February 20, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants, as the parties moving for summary judgment, had the burden of establishing, prima facie, their entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). This burden is not met merely by citing gaps in the plaintiff's case (*see Saryian v Ramana*, 305 AD2d 400 [2003]; *Kucera v Waldbaums Supermarkets*, 304 AD2d 531, 532 [2003]; *Dalton v Educational Testing Serv.*, 294 AD2d 462, 463 [2002]). Assuming that the defendants made a prima facie case concerning the identity of the manufacturer and the lack of a specific product defect that caused the plaintiff's injury, the plaintiff carried her burden of raising a triable issue of fact (*cf. Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). She established a reasonable probability that the defendants manufactured the exercise bicycle on which she allegedly was injured (*see Healey v Firestone Tire & Rubber Co.*, 87 NY2d 596, 601 [1996]; *cf. Brown v Elm Plumbing Supply*, 271 AD2d 469 [2000]; *Escarria v American Gage & Mfg. Co.*, 261 AD2d 434 [1999]). Moreover, the particular defect, if any, that caused the injury can be established by circumstantial evidence (*see Otis v Bausch & Lomb*, 143 AD2d 649, 650 [1988]; *cf. Klein v Ford Motor Co.*, 303 AD2d 376, 378 [2003]). Accordingly, the Supreme Court correctly denied the defendants' motion for summary judgment.

The defendants' remaining contentions are without merit. Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.