■ NATIONWIDE PROPERTY CASUALTY, Respondent, v JAMES J. NESTOR, Appellant. [774 NYS2d 357]—In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the defendant appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated January 6, 2003, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Nationwide Property Casualty, the insurer of the subject apartment building owned by Stella Troianos and Evagelos Troianos, commenced this subrogation action seeking

recovery of insurance benefits it paid them for property damage that occurred to the apartment as the result of a fire that started in the defendant tenant's apartment on April 14, 1997.

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. The defendant failed to sustain his burden in the first instance of establishing his entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). This burden cannot be satisfied merely by pointing out gaps in the plaintiff's case, as the defendant did here (*see Katz v Pro Form Fitness,* 3 AD3d 474 [2004]; *Kucera v Waldbaums Supermarkets,* 304 AD2d 531, 532 [2003]; *Dalton v Educational Testing Serv.,* 294 AD2d 462, 463 [2002]). Since the defendant failed to satisfy his burden as the party moving for summary judgment, it is unnecessary to analyze the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr., supra*). Prudenti, P.J., Smith, Goldstein and Crane, JJ., concur.