■ BERNADETTE CORRIGAN, Appellant, v SPRING LAKE BUILDING CORPORATION et al., Respondents, et al., Defendant. [804 NYS2d 412]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated June 24, 2004, as granted the motion of the defendant Spring Lake Building Corporation, and the separate motion of the defendants Birchwood at Spring Lake Homeowners Association, Inc., and Kaled Management Corporation for summary judgment dismissing the complaint insofar as asserted against them, and (2) a judgment of the same court entered October 5, 2004, which, upon the order, dismissed the complaint insofar as asserted

against the defendants Birchwood at Spring Lake Homeowners Association, Inc., and Kaled Management Corporation.

Ordered that the appeal from so much of the order as granted the motion of the defendants Birchwood at Spring Lake Homeowners Association, Inc., and Kaled Management Corporation for summary judgment dismissing the complaint insofar as asserted against them is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, the motion of the defendant Spring Lake Building Corporation for summary judgment dismissing the complaint insofar as asserted against it is denied, and the complaint is reinstated as against that defendant; and it is further,

Ordered that the judgment is reversed, on the law, the motion of the defendants Birchwood at Spring Lake Homeowners Association, Inc., and Kaled Management Corporation for summary judgment dismissing the complaint insofar as asserted against them is denied, the complaint is reinstated as against those defendants, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the respondents appearing separately and filing separate briefs.

The appeal from so much of the intermediate order as granted the motion of the defendants Birchwood at Spring Lake Homeowners Association, Inc., and Kaled Management Corporation for summary judgment dismissing the complaint insofar as asserted against them must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action in favor of those defendants (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from those portions of the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

As the parties seeking summary judgment, the respondents had the burden of establishing their prima facie entitlement to judgment as a matter of law by affirmatively demonstrating the merit of their claim or defense, rather than by pointing to gaps in the plaintiff's proof (*see Nationwide Prop. Cas. v Nestor,* 6 AD3d 409, 410 [2004]; *Katz v PRO Form Fitness,* 3 AD3d 474, 475 [2004]; *Kucera v Waldbaums Supermarkets,* 304 AD2d 531, 532 [2003]). Here, the plaintiff alleged, inter alia, that the respondents created the dangerous condition of an icy driveway or had actual or constructive notice thereof. Specifically, she averred that a gutter system in the vicinity of the accident site was defective in that it permitted runoff water to discharge

directly onto the driveway. In support of their motions for summary judgment, the respondents failed to tender any evidence affirmatively showing that they did not have responsibility for the condition of the gutters or the location of the outfall. Accordingly, the motions for summary judgment should have been denied. Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.