■ PATRICIA A. MARSHALL, Appellant, v JEFFREY MANAGEMENT CORP. et al., Respondents. [825 NYS2d 260]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated July 18, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly sustained personal injuries when she slipped and fell on mayonnaise or a "greasy" substance located on a stairway inside a commercial building owned by the defendant Celtic Holdings, LLC, and managed by the defendant Jeffrey Management Corp., a subsidiary of the defendant Feil Organization, Inc. There was a concession stand located in the atrium of this building.

Approximately 4¹/₂ hours prior to the accident, the plaintiff observed packets of mayonnaise on the second floor landing and complained to either a security guard or a maintenance employee. At his examination before trial, the maintenance supervisor employed by Jeffrey Management Corp. testified that he did not recall whether he inspected the premises on the day of the plaintiff's accident, prior to the plaintiff's accident.

The plaintiff commenced the instant action to recover damages for personal injuries. Thereafter, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. We reverse.

" 'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it' " (*Ulu v ITT Sheraton Corp.*, 27 AD3d 554, 554 [2006], quoting *Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d 511, 512 [2005]). Here, in support of their motion, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any triable issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Specifically, the defendants failed to meet their burden of establishing as a matter of law that they did not have actual or constructive notice of the allegedly dangerous condition. The plaintiff testified that she observed packets of mayonnaise on the stairway prior to the accident and reported this to a security guard or a maintenance employee. Moreover, the defendants did not submit evidence as to when the subject stairway was last cleaned or inspected prior to the plaintiff's accident (*see Yioves v T.J. Maxx, Inc.*, 29 AD3d 572, 573 [2006]; *Lorenzo v Plitt Theatres*, 267 AD2d 54, 56 [1999]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Goldstein, J.P., Rivera, Spolzino and Skelos, JJ., concur.