■ FRANCES SCOTT, Appellant, v HERBERT REDL et al., Respondents, et al., Defendants. [842 NYS2d 485]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated June 19, 2006, as granted that branch of the motion of the defendants Herbert Redl and Sue Ann Redl which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Herbert Redl and Sue Ann Redl which was for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff allegedly was injured when she slipped and fell on ice on premises owned by the defendants Herbert Redl and Sue Ann Redl (hereinafter the defendants). The premises were used for a storage unit rental business, which was owned by Herbert Redl. Prior to the plaintiff's accident, the defendants had entered into a management agreement with Rent-A-Space Self Storage, Inc. (hereinafter Rent-A-Space). Pursuant to its management duties, Rent-A-Space hired the plaintiff as property manager. The defendants Blacktop Maintenance Corp. and HHR Construction Corp. were under contract to perform snow removal and salting services on the premises.

The plaintiff's accident occurred on January 31, 2003 as she was walking from the office to the rental units, to show two customers a unit. There had been a snow storm four days earlier.

The plaintiff testified that the path from her office to the units was slippery, and that she slipped on ice.

The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that their duty as landowners to maintain the premises in a reasonably safe condition was displaced by their management agreement with Rent-A-Space. They also argued that they did not have actual or constructive notice of the icy condition. The Supreme Court granted that branch of their motion. We reverse.

Regardless of whether the management agreement between the defendants and Rent-A-Space was comprehensive, a "[land-]owner has a nondelegable duty to provide the public with a reasonably safe premises" (*Backiel v Citibank*, 299 AD2d 504, 505 [2002]). This includes the duty to provide "its employees and the employees of independent contractors with a safe place to work" (*id.* at 507). Therefore, the defendants owed a duty to the plaintiff, as an employee of an independent contractor, to maintain the premises in a reasonably safe condition, and that duty could not be delegated to Rent-A-Space.

"While an owner may not be held liable for an injury to an employee of an independent contractor caused by a condition which the employee was called upon to remedy . . . , the employee does not assume the risk of injury from other defects or dangerous conditions in the premises which are outside the scope of that employee's work" (*id.*). Although the defendants argued that it was the plaintiff's responsibility to report on and remedy dangerous conditions on the premises, the plaintiff raised a question of fact as to whether these were in fact in her responsibilities and, thus, whether she was injured by the same dangerous condition she was called upon to remedy.

Moreover, the Supreme Court erred in concluding, as a matter of law, that the defendants did not have actual or constructive notice of the icy condition. A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident (not alleged here), or had actual or constructive notice of that condition (*see Fahey v Serota*, 23 AD3d 335, 336 [2005]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant[s] . . . to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Goodwin v Knolls at Stony Brook Homeowners Assn.*, 251 AD2d 451, 452 [1998]).

As to actual notice, the defendants established a prima facie

case by demonstrating that they did not regularly inspect the premises and had not been to the premises shortly before the accident. The defendants also satisfied their prima facie burden as to constructive notice by submitting the plaintiff's testimony that she did not see the ice upon which she fell either before or after her accident (*see Goldman v Waldbaum, Inc.*, 248 AD2d 436, 437 [1998]).

However, the plaintiff raised a triable issue of fact in opposition. Specifically, the plaintiff submitted an affidavit from the customer who was with her when she fell. The customer reported that the path leading from the office to the storage units was "a solid sheet of ice about 1½ [inches] thick." This was sufficient to raise an issue of fact as to whether the allegedly dangerous condition was visible and apparent (*see Bullard v Pfohl's Tavern, Inc.*, 11 AD3d 1026 [2004]). In addition, the plaintiff offered an affidavit from an expert meteorologist who, after analyzing the weather conditions on the day of the accident and on the days preceding, concluded that the ice upon which the plaintiff allegedly slipped would have formed no later than 4:00 P.M. on the day before the accident, or 18½ hours earlier. This raised a triable issue of fact as to whether the defendants had sufficient time in which to remedy the condition (*see Boyko v Limowski*, 223 AD2d 962, 963-964 [1996]). Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them should have been denied. Prudenti, P.J., Mastro, Angiolillo and Dickerson, JJ., concur.