■ Levi Bruk, Appellant, v Razag, Inc., Respondent, et al., Defendant. [877 NYS2d 94]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated January 30, 2008, as granted that branch of the cross motion of the defendant Razag, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendant Razag, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff slipped and fell, allegedly on a slice of cucumber, while attending a wedding reception catered by the defendant, Razag, Inc. (hereinafter Razag). After the plaintiff commenced this action, Razag, inter alia, cross-moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it neither created nor had actual or constructive notice of the hazardous condition.

"A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie case showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Sloane v Costco Wholesale Corp.*, 49 AD3d 522, 523 [2008] [internal quotation marks omitted]). Here, Razag failed to meet its burden of establishing that it did not have constructive notice of the allegedly hazardous condition. Specifically, it did not submit evidence as to when the floor was last inspected prior to the plaintiff's accident (*see Marshall v Jeffrey Mgt. Corp.*, 35 AD3d 399, 400 [2006]). Under these circumstances, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Prudenti, P.J., Spolzino, Ritter and Santucci, JJ., concur.