■ EMPERATRIZ ARZOLA, Respondent, v BOSTON PROPERTIES LIMITED PARTNERSHIP et al., Appellants. [880 NYS2d 352]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated November 17, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly tripped and fell over a mat which had been placed in the lobby of the defendants' building due to inclement weather. Although the edges of the mat had been taped to the floor, the plaintiff claims that the front of the mat was bunched up and raised prior to her fall. After depositions had been conducted, the defendants moved for summary judgment dismissing the complaint on the ground that they neither

created nor had actual or constructive notice of the alleged hazardous condition of the mat. The Supreme Court denied the defendants' motion, concluding that they had failed to sustain their initial burden of establishing their entitlement to judgment as a matter of law. We agree.

A defendant who moves for summary judgment in a trip-and-fall case has the initial burden of making a prima facie showing that it neither created the alleged hazardous condition, nor had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it (*see Bruk v Razag, Inc.*, 60 AD3d 715 [2009]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598 [2008]; *Totten v Cumberland Farms, Inc.*, 57 AD3d 653, 654 [2008]; *Soto-Lopez v Board of Mgrs. of Crescent Tower Condominium*, 44 AD3d 846 [2007]). To sustain this burden, "the defendant must offer some evidence as to when the area in question was last . . . inspected relative to the [accident]" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d at 599; *see Bruk v Razag, Inc.*, 60 AD3d 715 [2009]; *Soto-Lopez v Board of Mgrs. of Crescent Tower Condominium*, 44 AD3d 846 [2007]; *Porco v Marshalls Dept. Stores*, 30 AD3d 284, 285 [2006]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409, 410 [2004]). Since the defendants offered no evidence as to when the lobby area where the plaintiff fell was last inspected prior to the accident (*cf. Hayden v Waldbaum, Inc.*, 63 AD3d 679 [2009] [decided herewith]), they failed to make a prima facie showing that they did not have constructive notice of the alleged hazardous condition of the mat. In view of the defendants' failure to satisfy their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiffs were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Bruk v Razag, Inc.*, 60 AD3d 715 [2009]). Rivera, J.P., Eng, Chambers and Hall, JJ., concur.