CHRISTOPHER MUSACHIO et al., Respondents, v SMITHTOWN CENTRAL SCHOOL DISTRICT, Appellant. [892 NYS2d 123]—

The infant plaintiff (hereinafter the plaintiff), a seventh grader at Smithtown Middle School, allegedly slipped and fell during lunch period on an accumulation of water in the school cafeteria. The accident occurred when the plaintiff attempted to sit down on a seat in the cafeteria, which required him to first step over a bench. As he was doing so, he allegedly slipped on the water and fell to the floor, thereby sustaining personal injuries. After the plaintiffs commenced this action to recover damages for the personal injuries, the defendant moved for summary judgment dismissing the complaint on the ground that it neither created nor had actual or constructive notice of the hazardous condition.

" 'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it' " (*Birnbaum v New York Racing Assn., Inc.,* 57 AD3d 598, 598 [2008], quoting *Yioves v T.J. Maxx, Inc.,* 29 AD3d 572, 572 [2006]). Only after the movant has satisfied this threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Joachim v 1824 Church Ave., Inc.,* 12 AD3d 409 [2004]). "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]).

To meet its initial burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the

area in question was last cleaned or inspected relative to the time when the plaintiff fell (*see Birnbaum v New York Racing Assn., Inc.,* 57 AD3d at 598-599). The defendant failed to satisfy its initial burden. The deposition testimony of the defendant's custodian failed to establish when the area where the accident occurred was last cleaned or inspected prior to the occurrence of the accident. Accordingly, the Supreme Court properly denied the defendant's motion, without considering the sufficiency of the plaintiffs' opposition papers (*id.* at 599). Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.