DAYSI MEDINA, Appellant, v LA FIURA DEVELOPMENT CORP. et al., Respondents. [895 NYS2d 98]—

The plaintiff alleges that on the evening of March 12, 2005, she slipped and fell on ice on premises owned by the defendant La Fiura Development Corp., and maintained by the defendants John Cervoni and Santa Fresca. In moving for summary judgment, the defendants contended that they lacked actual or constructive notice of the allegedly dangerous condition. The Supreme Court granted the motion and the plaintiff appeals. We reverse.

A property owner will be held liable for a slip and fall involving snow and ice on its property only when it created the dangerous condition that caused the accident, which is not alleged here, or had actual or constructive notice thereof (see *Buroker v Country View Estate Condominium Assn., Inc.,* 54 AD3d 795 [2008]; *Scott v Redl,* 43 AD3d 1031 [2007]; *Gil v Manufacturers Hanover Trust Co.,* 39 AD3d 703 [2007]). To provide constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendants to discover and remedy it (see *Gordon v American Museum of Natural History,* 67 NY2d 836, 837 [1986]; *Scott v Redl,* 43 AD3d 1031 [2007]). Here, the defendants failed to establish, prima facie, that they lacked actual or constructive notice of the icy condition that allegedly caused the plaintiff to slip and fall (see *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *cf. Goldman v Waldbaum, Inc.,* 248 AD2d 436 [1998]). In support of their motion, the defendants submitted, inter alia, an affidavit of the defendant Fresca, who averred that he was responsible for shoveling snow from the walkways on the premises. In his affidavit, Fresca essentially conceded that he had no specific recollection of the last snow before the plaintiff's accident, which fell four days before the accident, and, thus, could not confirm whether and in what manner he had removed such snow. Since the defendants did not meet their prima facie burden, it is not necessary to consider the suffi-

ciency of the plaintiff's opposition papers (*see Tchjevskaia v Chase,* 15 AD3d 389 [2005]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Eng, Belen and Austin, JJ., concur.