WANDA GRAY, Appellant, v ELLIAS LIFETITZ et al., Respondents, et al., Defendants. [920 NYS2d 693]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated April 13, 2009, which granted the motion of the defendants Ellias Lifetitz, 205 East 17th Street, LLC, Sicherman Management Company LLC, Sicherman Management Corp., Elliot Lipshitz, and EL Management Company, LLC, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff alleges that she slipped and fell on sawdust while descending an interior stairway in an apartment building at 205 East 17th Street in Brooklyn. On their motion for summary judgment dismissing the complaint insofar as asserted against them, the defendants Ellias Lifetitz, 205 East 17th Street, LLC, Sicherman Management Company LLC, Sicherman Management Corp., Elliot Lipshitz, and EL Management Company, LLC (hereinafter collectively the defendants), had the initial burden of making a prima facie showing that they did not create the condition on which the plaintiff slipped, and did not have actual or constructive notice of that condition (*see Granillo v Toys "R" Us, Inc.*, 72 AD3d 1024 [2010]; *Alston v Starrett City Assoc.*, 72 AD3d 711 [2010]). "To meet [their] initial burden on the issue of lack of constructive notice, the defendant[s] must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (*Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *see Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598 [2010]; *Braudy v Best Buy Co., Inc.*, 63 AD3d 1092 [2009]; *Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655 [2009]).

The defendants offered no evidence to establish when the stairway in question was last inspected or cleaned prior to the time when the plaintiff allegedly fell (*see Alston v Starrett City*

*Assoc.*, 72 AD3d 711 [2010]; *Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598 [2010]; *Soto-Lopez v Board of Mgrs. of Crescent Tower Condominium*, 44 AD3d 846 [2007]; *Marshall v Jeffrey Mgt. Corp.*, 35 AD3d 399 [2006]). The defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law. Thus, the Supreme Court should have denied their motion for summary judgment.

As the defendants failed to meet their initial burden, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Musachio v Smithtown Cent. School Dist.*, 68 AD3d 949 [2009]; *Bruk v Razag, Inc.*, 60 AD3d 715 [2009]). Covello, J.P., Hall, Lott and Cohen, JJ., concur.