KEVIN HEALY et al., Respondents, v PAUL S. DAMUS et al., Defendants, and ST. FRANCIS HOSPITAL, Appellant. [931 NYS2d 243]—

The appeal by the defendant St. Francis Hospital (hereinafter the defendant) from so much of the order dated September 20, 2010, as denied that branch of its motion which was for leave to reargue its motion for summary judgment dismissing the complaint insofar as asserted against it must be dismissed, as no appeal lies from an order denying reargument (see CPLR 2221 [d]).

That branch of the defendant's motion which was for leave to renew its motion for summary judgment dismissing the complaint insofar as asserted against it was properly denied, since there was no reasonable justification for failing to submit the purportedly new evidence in support of the original motion (see CPLR 2221 [e]; *Ellis v Eng*, 70 AD3d 887, 893 [2010]).

The Supreme Court also properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. To establish liability for medical malpractice, a plaintiff must prove that the defendant deviated or departed from accepted community standards of practice, and that such departure was a proximate cause of the plaintiff's injuries (*see Stukas v Streiter*, 83 AD3d 18, 23 [2011]; *Heller v Weinberg*, 77 AD3d 622 [2010]). On a motion for summary judgment, a defendant has the burden of establishing the absence of any departure from good and accepted medical practice or that the plaintiff was not injured thereby (*see Heller v Weinberg*, 77 AD3d at 622-623).

The defendant failed to establish its prima facie entitlement to judgment as a matter of law, as its expert did not opine that it did not depart or deviate from accepted medical practice or that any such departure was not the proximate cause of the alleged injury. Instead, the expert merely pointed to gaps in the plaintiffs' evidence, which is insufficient (*see Corrigan v Spring Lake Bldg. Corp.*, 23 AD3d 604, 605 [2005]; *Nationwide Prop. Cas. v Nestor*, 6 AD3d 409, 410 [2004]; *Katz v PRO Form Fitness*, 3 AD3d 474, 475 [2004]). Since the defendant failed to meet its burden, the burden did not shift to the plaintiffs, and the sufficiency of the plaintiffs' opposition papers need not be considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Petry v Hudson Val. Pavement, Inc.*, 78 AD3d 1145, 1147 [2010]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur.