■ SYLVIA B. STEWART, Respondent, v SHERWIL HOLDING CORP. et al., Appellants. [942 NYS2d 174]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 18, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

A property owner will be held liable for a slip and fall involving snow and ice on its property only when it created the dangerous condition that caused the accident, or had actual or constructive notice thereof (*see Mignogna v 7-Eleven, Inc.*, 76 AD3d 1054 [2010]; *Medina v La Fiura Dev. Corp.*, 69 AD3d 686 [2010]; *Crosthwaite v Acadia Realty Trust*, 62 AD3d 823 [2009]). Notably, the only theory of liability the plaintiff asserts in this case is constructive notice. To provide constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendants' employees to discover and remedy it (*see Medina v La Fiura Dev. Corp.*, 69 AD3d 686 [2010]; *Kaehler-Hendrix v Johnson Controls, Inc.*, 58 AD3d 604, 606 [2009]).

Here, the defendants failed to establish, prima facie, that they lacked constructive notice of the alleged icy condition that caused the plaintiff to slip and fall. In support of their motion, the defendants submitted, inter alia, the deposition testimony of the plaintiff, as well as that of their porter, whose job it was to inspect and maintain the parking lot. The porter testified that on the day of the accident, he arrived at work around 8:00 A.M., at which time there was no snow on the ground. He explained that there were about five variously sized ice patches in the parking lot, and that they were located on the sides of the lot where it was shaded. Beginning around 8:30 A.M., he placed ice melt on these patches and scraped them away with a shovel throughout the day. The plaintiff, however, described the lot as having not only patches of ice, but patches of snow as well, and that these were located "[a]ll over the parking lot." According to the plaintiff, she parked and exited her vehicle at 10:20 A.M. and, while traversing across the lot, she walked over one or two patches of ice prior to stepping and slipping on a patch located in the center of the lot that she did not see, despite looking down to see where she was walking. In view of this conflicting testimony, the defendants failed to sustain their burden of demonstrating the absence of all triable issues of fact as to whether they had constructive notice of the allegedly dangerous condition in the parking lot (see *Sabatino v 425 Oser Ave., LLC*, 87 AD3d 1127 [2011]). As the defendants did not meet their prima facie burden, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (see *Medina v La Fiura Dev. Corp.*, 69 AD3d at 687).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Florio, J.P., Balkin, Lott and Miller, JJ., concur.