■ WILLIAM G. BARATTA, JR., Respondent, v EDEN ROC NY, LLC, Appellant. [943 NYS2d 230]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated December 17, 2010, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff, while in the process of exiting his apartment building, which was owned by the defendant, allegedly slipped and fell on a mat situated outside the door to the building. At his deposition, the plaintiff testified that, after he stepped on the mat with his right foot, the mat, which had been located in

the same position for "[y]ears," moved, causing him to lose his balance and fall.

The plaintiff commenced this action against the defendant to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that it neither created nor had actual or constructive notice of the alleged hazardous condition. The Supreme Court denied the defendant's motion. The defendant appeals, and we affirm.

A defendant moving for summary judgment in a slip-and-fall case has the initial burden of establishing that it neither created the alleged dangerous condition, nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Pryzywalny v New York City Tr. Auth.*, 69 AD3d 598, 598-599 [2010]; *Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655, 655-656 [2009]; *Bruk v Razag, Inc.*, 60 AD3d 715 [2009]).

Here, the defendant failed to establish, prima facie, its entitlement to judgment as a matter of law (*see Pryzywalny v New York City Tr. Auth.*, 69 AD3d at 598-599; *Arzola v Boston Props. Ltd. Partnership*, 63 AD3d at 655-656; *Bruk v Razag, Inc.*, 60 AD3d at 715). According to the plaintiff's deposition testimony, submitted by the defendant in support of its motion, all four of the corners of the mat, which had been on the premises for "a very long time," were turned up, and the mat would frequently move out of its position when he would step on it, causing him to have to reposition it. Since the defendant offered no evidence as to when the mat was last inspected prior to the accident, as opposed to the last time its superintendent walked over it, the defendant failed to make a prima facie showing that it did not have constructive notice of the alleged defective condition of the mat (*see Arzola v Boston Props. Ltd. Partnership*, 63 AD3d at 655-656). Moreover, contrary to the defendant's contention, it failed to establish, prima facie, that the condition which allegedly caused the plaintiff's accident was not hazardous (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In view of the defendant's failure to meet its prima facie burden, its motion for summary judgment dismissing the complaint was properly denied, and we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Rivera, J.P., Chambers, Austin and Roman, JJ., concur.