SETH PECHMAN et al., Appellants, v VISTA AT KINGSGATE SECTION II et al., Respondents. [948 NYS2d 662]—

On March 2, 2009, the injured plaintiff resided in Nanuet in a top-floor unit at the defendant condominium, Vista at Kingsgate Section II (hereinafter Vista). He allegedly was injured when, while descending the stairs from his unit to the ground level, he slipped and fell on a mat placed on a stairway landing by the defendant Mary Lou Kashetta, who resided in a condominium unit one floor below the injured plaintiff's unit. At the time of the injured plaintiff's fall, a portion of the mat allegedly was

hanging over the top step. It is undisputed that the stairway and landing were part of Vista's common areas. In December 2009, the injured plaintiff, and his wife suing derivatively, commenced this action against Vista and Kashetta. The Supreme Court granted Kashetta's motion for summary judgment dismissing the complaint insofar as asserted against her and also granted that branch of Vista's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs appeal. We reverse the order insofar as appealed from.

"A defendant moving for summary judgment in a slip-and-fall case has the initial burden of establishing that it neither created the alleged dangerous condition, nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (*Baratta v Eden Roc NY, LLC*, 95 AD3d 802, 803 [2012]; *see Arzola v Boston Props. Ltd. Partnership*, 63 AD3d 655, 656 [2009]). Here, Kashetta failed to meet her prima facie burden of establishing her entitlement to judgment as a matter of law. In light of the fact that she placed the subject mat onto the carpeted landing near the top step, she failed to establish that she did not create the alleged dangerous condition (*see Amendola v City of New York*, 89 AD3d 775, 776 [2011]; *Davarashvili v ABM Indus. Inc.*, 81 AD3d 776 [2011]; *Corrigan v Spring Lake Bldg. Corp.*, 23 AD3d 604, 605 [2005]). Accordingly, the Supreme Court should have denied her motion for summary judgment.

The Supreme Court also should have denied that branch of Vista's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it. In support of its motion Vista submitted, inter alia, the deposition testimony of the managing agent of the company which managed the Vista property. While it is undisputed that Vista did not create or have actual notice of the alleged dangerous condition, Vista failed to proffer any evidence showing that it had no responsibility for the condition of its common areas and that it lacked constructive notice of the alleged dangerous condition (*see Corrigan v Spring Lake Bldg. Corp.*, 23 AD3d at 605). While the managing agent testified that the common hallways were cleaned by a subcontractor once or twice a year, and that if he ever observed a mat that was not slip resistant placed on top of a stairway landing, he would have removed it, Vista failed to proffer any evidence regarding when the subject stairway and landing had last been inspected prior to the injured plaintiff's fall. Thus, Vista failed to make a prima facie showing that it did not have constructive notice of the alleged dangerous condition

of the subject mat (*see Baratta v Eden Roc NY, LLC*, 95 AD3d 802 [2012]; *Levine v Amverserve Assn., Inc.*, 92 AD3d 728, 729 [2012]; *Arzola v Boston Props. Ltd. Partnership*, 63 AD3d at 655-656). Since both Kashetta and Vista failed to meet their initial burdens on their motion and cross motion, respectively, we need not review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.