■ FRANCES MOORE et al., Respondents, v GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Doing Business as WALDBAUMS, et al., Defendants, and SELDEN PLAZA, LLC, Appellant. [985 NYS2d 605]—

In an action to recover damages for personal injuries, etc., the defendant Selden Plaza, LLC, appeals from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated September 6, 2012, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that she slipped on a patch of ice in a parking lot owned by the defendant Selden Plaza, LLC (hereinafter Selden), and sustained personal injuries. The Supreme Court, inter alia, denied that branch of Selden's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Selden appeals.

" 'A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof' " (*Gushin v Whispering Hills Condominium I*, 96 AD3d 721, 721 [2012], quoting *Robinson v Trade Link Am.*, 39 AD3d 616, 616-617 [2007]).

Here, Selden failed to establish, prima facie, that it neither created nor had actual or constructive notice of the alleged icy condition that caused the plaintiff to slip and fall. In support of its motion, Selden submitted a transcript of the deposition testimony of its maintenance employee, who testified that he conducted daily inspections of the parking lot, and that he salted, sanded, and cleared the parking lot when snow was pres-

ent. However, Selden also submitted a transcript of the injured plaintiff's conflicting deposition testimony regarding the purported removal of snow and ice in the area of the parking lot where she fell. In view of this conflicting testimony, Selden failed to sustain its burden of establishing, prima facie, that it neither created nor had actual or constructive notice of the alleged icy condition in the parking lot (*see Stewart v Sherwil Holding Corp.*, 94 AD3d 977 [2012]; *Sabatino v 425 Oser Ave., LLC*, 87 AD3d 1127 [2011]).

Since Selden failed to meet its initial burden, it is not necessary to consider the sufficiency of the papers submitted by the plaintiffs in opposition (*see Gray v Lifetitz*, 83 AD3d 780 [2011]; *Musachio v Smithtown Cent. School Dist.*, 68 AD3d 949 [2009]; *Bruk v Razag, Inc.*, 60 AD3d 715 [2009]).

Accordingly, the Supreme Court properly denied that branch of Selden's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.