In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), entered November 17, 2011, as granted that branch of the renewed motion of the defendants Super Clean Laundromat, Inc., and Guy R. Corporation which was for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the renewed motion of the defendants Super Clean Laundromat, Inc., and Guy R. Corporation which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff allegedly tripped and fell over a curled up mat on the floor of a laundromat operated by the defendants Super Clean Laundromat, Inc., and Guy R. Corporation (hereinafter together the laundromat defendants). The laundromat defendants made a renewed motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that they did not create the alleged hazardous condition or have actual or constructive notice of the alleged condition. The Supreme Court granted that branch of the renewed motion.
To impose liability upon the laundromat defendants for the plaintiff’s fall, there must be evidence tending to show that those defendants either created the condition or had actual or constructive notice of it and failed to remedy it within a reasonable time (see Negri v Stop & Shop, 65 NY2d 625 [1985]; Pechman v Vista at Kingsgate Section II, 97 AD3d 732 [2012]). To meet their initial burden on the issue of lack of constructive notice, the laundromat defendants must offer some evidence as to when the area in question was last cleaned or inspected relative *899 to the time when the plaintiff fell (see Baratta v Eden Roc NY, LLC, 95 AD3d 802 [2012]; Arzola v Boston Props. Ltd. Partnership, 63 AD3d 655 [2009]; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599 [2008]).
Here, the laundromat defendants did not meet their initial burden of establishing their entitlement to judgment as a matter of law. The laundromat defendants failed to submit evidence sufficient to establish that they inspected the mat within a reasonable time prior to the accident. Thus, they failed to establish, prima facie, that they did not have constructive notice of the alleged hazardous condition of the mat (see Alexander v New York City Hous. Auth., 89 AD3d 969 [2011]; Arzola v Boston Props. Ltd. Partnership, 63 AD3d 655 [2009]). The affidavit of the laundromat defendants’ general manager should not have been considered in the determination of the motion, since the defendants did not previously disclose the general manager as a witness and did not provide a reasonable excuse for their failure to identify her during the discovery process (see Perez v New York City Hous. Auth., 75 AD3d 629 [2010]; Andujar v Benenson Inv. Co., 299 AD2d 503 [2002]). In any event, the general manager’s affidavit was insufficient to demonstrate, prima facie, that the laundromat defendants did not have constructive notice of the alleged hazardous condition (see Negri v Stop & Shop, 65 NY2d 625 [1985]). Since the laundromat defendants failed to meet their initial burden as the movants, it is unnecessary to review the sufficiency of the plaintiff’s opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Accordingly, the Supreme Court should have denied that branch of the laundromat defendants’ renewed motion which was for summary judgment dismissing the complaint insofar as asserted against them.
Mastro, J.R, Chambers, Lott and Duffy, JJ., concur.