■ COMMISSIONERS OF STATE INSURANCE FUND, Respondent, v KAYWOOD PROPERTIES, LTD., Appellant. [990 NYS2d 847]—

In an action, inter alia, to recover allegedly unpaid premiums for a workers' compensation insurance policy, the defendant appeals from an order of the Supreme Court, Suffolk County (LaSalle, J.), dated July 26, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant had a workers' compensation insurance policy issued by the plaintiff and the State Insurance Fund. The plaintiff commenced this action, alleging that the defendant had failed to pay $11,648.43 in premiums due over a specified period of time. The defendant moved for summary judgment dismissing the complaint, claiming that, during the relevant time periods, it had no employees on its payroll. The defendant maintained that, in the absence of any employees on its payroll, it did not owe premiums on its policy. The Supreme Court denied the defendant's motion, and the defendant appeals.

Under the circumstances of this case, to establish its prima facie entitlement to judgment as a matter of law, the defendant was required to demonstrate that, during the relevant time periods, it did not have any employees on its payroll. The affidavit of Anthony J. Kaywood, principal of the defendant, contained only conclusory assertions to the effect that the defendant did not have any employees during the relevant time period, without any evidentiary support, and was therefore insufficient to establish, prima facie, that the defendant did not have employees on its payroll during the relevant time period (see Wells Fargo Bank, N.A. v Cean Owens, LLC, 110 AD3d 872, 873 [2013]; Garal Wholesalers, Ltd. v Raven Brands, Inc., 82 AD3d 1041, 1042 [2011]; see also Bistre v Rongrant Assoc., 109 AD3d 778, 779 [2013]). Accordingly, the Supreme Court properly denied the defendant's motion, regardless of the sufficiency of the papers submitted by the plaintiff in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Moore v Great Atl. & Pac. Tea Co., Inc.,117 AD3d 695 [2014]; Gray v Lifetitz, 83 AD3d 780, 781 [2011]). Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.