Schumacher v Pucciarelli (2018 NY Slip Op 03866)





Schumacher v Pucciarelli


2018 NY Slip Op 03866


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-08091
 (Index No. 605799/15)

[*1]Thomas Schumacher, respondent, 
v
Robert Pucciarelli, et al., appellants.


Jacobson & Schwartz, LLP, Jericho, NY (Henry J. Cernitz of counsel), for appellants.
Faber & Troy, Woodbury, NY (Salvatore V. Agosta of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated June 22, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 14, 2014, at approximately 8:00 a.m., the plaintiff allegedly slipped and fell on ice as he descended the front steps of the defendants' premises in East Patchogue. The defendants resided at the premises and leased the upstairs unit to the plaintiff. Both the plaintiff and the defendants used the front entrance to enter and exit the property. The plaintiff testified at his deposition that at the time of the accident, he was attempting to leave the house and there was snow and ice on the exterior steps and the landing abutting the front door.
The plaintiff allegedly sustained personal injuries as a result of the incident, and thereafter commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that there was no snow or ice on the premises at the time of the accident. The Supreme Court denied the motion, and the defendants appeal.
"The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (Kolivas v Kirchoff, 14 AD3d 493, 493). Here, viewing the evidence in the light most favorable to the plaintiff as the nonmovant (see Stukas v Streiter, 83 AD3d 18, 22), the defendants failed to establish their prima facie entitlement to judgment as a matter of law. In support of the motion, the defendants submitted, inter alia, the deposition testimony of the plaintiff and the defendant Robert Pucciarelli, which provided conflicting evidence as to the condition of the front steps at the time of the accident, and the defendants failed to establish, prima facie, that they maintained the premises in a reasonably safe condition (see Moore v Great Atl. & Pac. Tea Co., Inc., 117 AD3d 695, 695-696; Stewart v Sherwil Holding Corp., 94 AD3d 977, 978; Sabatino v 425 Oser Ave., LLC, 87 AD3d 1127, 1128). Contrary to the defendants' contention, the affidavit of their expert submitted in support of their motion was insufficient to establish, prima facie, that there was no snow or ice on [*2]the front steps at the time of the accident (see Gyokchyan v City of New York, 106 AD3d 780, 781-782; Massey v Newburgh W. Realty, Inc., 84 AD3d 564, 566-567). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court